UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-9533-DMG (AFMx) | Date | December 14, 2021 |
|---|---|---|---|
| Title | *City of Los Angeles v. Homeless Free America, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO THE LOS ANGELES COUNTY SUPERIOR COURT**

On September 3, 2021, Plaintiff the City of Los Angeles initiated this unlawful detainer action in the Los Angeles County Superior Court against Defendants Homeless Free America and Louis Hollingsworth. On December 9, 2021, Hollingsworth, who is *pro se*, removed the action to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal ("NOR") [Doc. # 1].

Federal question jurisdiction exists over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Furthermore, pursuant to 28 U.S.C. § 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin v. Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).

Plaintiff's unlawful detainer cause of action arises entirely under state law. Hollingsworth claims that he has affirmative defenses arising under various federal statutes. *See* NOR ¶ 1. But it is well established that a federal defense does not provide a basis for subject matter jurisdiction, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. v. Constr. Laborer Vacation Trust*, 463 U.S. 1, 14 (1983). The federal question must appear on the face of the plaintiff's well-pleaded complaint, which it does not here.

Moreover, Plaintiff is a California municipality and Defendant Homeless Free America is allegedly a California public benefit corporation, *see* Compl. ¶¶ 1-2 [Doc. # 1], so the Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-9533-DMG (AFMx)** | Date | December 14, 2021 |
|---|---|---|---|
| Title | *City of Los Angeles v. Homeless Free America, et al.* | Page | 2 of 2 |

    Because it appears that subject matter jurisdiction does not exist, Hollingsworth is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction. Hollingsworth shall file a response by no later than **December 28, 2021**. **Failure to timely file a satisfactory response by this deadline will result in the remand of this action.**

**IT IS SO ORDERED**.